UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Case No. _____

STEPHAN SCHURMANN,

    Petitioner,

v.

JUBILIE ANQUI,

    Respondent.

_____/

## VERIFIED PETITION FOR THE RETURN OF MINOR CHILD PURSUANT TO INTERNATIONAL TREATY AND FEDERAL STATUTE

Petitioner, STEPHAN SCHURMANN, ("Petitioner"), by and through undersigned counsel and pursuant to International Treaty and 42 U.S.C. § 11601 *et seq.* states:

### INTRODUCTION

1. This Petition is brought pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"),[1] done at The Hague on October 25, 1980, and 42 U.S.C §11603(b), the International Child Abduction Remedies Act ("ICARA"). The United States of America assisted in drafting the Convention and became a signatory to the Convention in 1981. ICARA was created to deal with the sudden abduction of children and to allow a petitioner to assert his rights in exigent circumstances. *See Distler v. Distler*, 26 F. Supp. 2d 723, 727 (D.N.J. 1998). The objectives of the Convention are to (i) secure the prompt return of a child wrongfully removed or retained in any Contracting State, and (ii) ensure that rights of custody and access under the laws of one Contracting State are effectively respected in other Contracting States.

---

[1] A true and correct copy of the Hague Convention is attached hereto as **Exhibit "A."**

2. Spain and the United States are both signatories to the Convention and are, therefore, Contracting States. *See* United States Department of State's Hague Abduction Convention Country List, available at: http://travel.state.gov/content/childabduction/english/country/hague-party-countries.html.

3. Petitioner, a German citizen and legal resident of Spain, seeks the return of his minor son, D.S.S., to Spain. JUBILIE ANQUI ("Respondent") has been, and is currently, wrongfully retaining D.S.S. in the United States of America in violation of the Convention and ICARA.

4. The Court must return D.S.S. to Spain because, under the Convention and ICARA, a preponderance of the evidence establishes that:

    a. Spain was D.S.S.'s habitual residence until December 2014, when the Respondent wrongfully retained him in the United States;

    b. Petitioner was exercising his Spanish custody rights at the time Respondent wrongfully retained D.S.S.;

    c. D.S.S. is under 16 years old; and

    d. None of the narrow exceptions to mandatory return under the Convention applies. Spain is the appropriate country to make all determinations regarding custody of, and access to, D.S.S.

5. Based on the facts as set forth below, there is a grave and substantial likelihood that Respondent will continue to violate international law and further violate Petitioner's custody rights with respect to D.S.S. Moreover, Respondent's words and conduct illustrate that she has no intention of returning D.S.S. to Spain and no intention of allowing Petitioner to have regular and meaningful access to his son. The Respondent's past actions, present circumstances and announced intentions render her a significant flight risk. For this reason, and in order to locate and return D.S.S. to Spain, Petitioner respectfully requests that this Court:

    a.    Issue a warrant directing the U.S. Marshal Service or other law enforcement to serve Respondent with notice of these proceedings;

    b.    Issue an order requiring Respondent to (1) remain within the jurisdiction of this Court pending resolution of this matter and (2) surrender each of her and D.S.S.'s passports, visas and other travel documentation to the Court and show cause as to why D.S.S. should not be returned to Spain;

    c.    Set a final hearing as soon as practicable on Petitioner's Petition for Return; and

    d.    Order that D.S.S. be returned forthwith to Spain.

## Jurisdiction and Venue

6.    The Court has subject matter jurisdiction pursuant to 42 U.S.C. § 11603(a) because this is an action arising under the Convention. The Court also has jurisdiction under 28 U.S.C. §1331 because this is a civil action arising under federal law and a treaty of the United States of America.

7.    This Court has personal jurisdiction over Respondent because she is physically present within this district and is wrongfully retaining the Child in this district.

8.    Venue is proper under 42 U.S.C. § 11603(b) and 28 U.S.C. §1391(b)(1) because D.S.S. is currently located in Okaloosa County, Florida, at the address of 320 Vinings Way Boulevard, Apt. 10-202, Destin, Florida 32541, which is within the jurisdiction of this Court.

## The Parties

9.    Petitioner and Respondent were married on March 18, 2007 in Costa Rica. D.S.S. was born in Marbella, Spain, in 2008. D.S.S. has German citizenship, based on the citizenship of his father. Petitioner and Respondent are the biological parents of D.S.S. (hereinafter "the Child[2]") and they lived together as a family unit before and after their move to the United States.

---

[2] Pursuant to Rule 5.2(a), the minor's initials are used in lieu of his full name, his name has been redacted from all exhibits, his birthday is referred herein only by the year of his birth, and his birthday has been redacted from all exhibits.

3

The Child is currently 6 years old. A true and correct copy of the Child's redacted birth certificate is attached hereto as **Exhibit "B."** The Child's passport is in possession of the Respondent.

10. From his birth, the habitual place of residence of D.S.S. has been Spain. In 2010, the family came to the United States on a Temporary E-2 Investor Visa, attached hereto as **Exhibit "C."** The family continued to maintain the Child's habitual place of residence in Spain, knowing that the move to the United States would be a temporary one.

11. Petitioner, Respondent and the Child agreed in August 2014 to move back to Spain, as their visa had expired. While Petitioner was on a business trip in Pennsylvania attempting to move his business back to Spain, Respondent absconded with the Child and moved in with her boyfriend. She kept the location of the Child a secret from the Petitioner for four months.

12. In December 2014, when Petitioner returned to Florida, Respondent announced that she would not return to Spain and that she intended Petitioner never see his son again. She moved briefly with her boyfriend and the Child to an unknown location in Alabama to prevent Petitioner from seeing the Child. Petitioner was served with divorce papers on December 19, 2014, and then had to return to Spain without his son.

13. Petitioner is a German citizen, and is a legal resident of Spain. He cannot return to the United States for 10 years as he had overstayed his visa.

14. Respondent is a citizen of the Philippines, and is a legal resident of Spain. Respondent is currently present in Destin, Florida, but her legal residence is Spain.

## General Allegations

15. Petitioner officially acknowledged D.S.S. as his child in D.S.S.'s birth certificate. *See* **Exhibit "B."**

16. From 2008 to 2014, the Child lived with the Petitioner and Respondent in a household in Malaga, Spain, and then temporarily in Florida. The Child lived with both parents until Respondent absconded with the child. Since the Child's birth, Petitioner has provided financial support, emotional support, care and love to the Child and has, at all times, acknowledged the Child as his son, acknowledged himself as the Child's father, and has fulfilled his fatherly duties for the Child's benefit and exercised his custody rights to the Child.

17. The Child's country of habitual residence, within the meaning of Article Three of the Convention, is Spain. The Child was habitually a resident of Spain and was only temporarily in Florida before Respondent wrongfully retained him.

18. Respondent has retained the Child without Petitioner's consent, despite her agreement to return to Spain in 2014 with the Child after the family's visa had expired.

19. Petitioner objected to and opposed Respondent's intention to keep the Child in the United States of America and unequivocally stated that he did not agree to the Child remaining in the United States of America for any reason.

20. On April 13, 2015, Petitioner sought assistance from the Ministry of Justice (the "Ministry") in Madrid, Spain.

21. The Ministry took Petitioner's official statement. *See* a true and correct copy of Petitioner's official statement to the Ministry, attached hereto as **Exhibit "D."**

22. Petitioner has rights of custody and access to the Child within the meaning of Articles Three and Five of the Convention. Specifically, Petitioner has *patria potestas* rights and

the right to authorize – or refuse to authorize – the Child to leave Spain, either temporarily or permanently. *See* **Exhibit "A;"** *see also* Ley Organica 1/1996, attached hereto as **Exhibit "E."**

23. Petitioner never consented or acquiesced to the Child remaining in the United States of America.

24. Respondent's retention of the Child without the Petitioner's consent is in breach of the Petitioner's rights of custody under the laws of Spain, where the Child was habitually resident immediately prior to the wrongful retention.

25. From the moment Respondent expressed her intentions to wrongfully retain the Child, Petitioner has made every effort to secure the return of the Child to Spain.

26. Petitioner requested and successfully obtained an attorney in the United States to be assigned to his case.

27. Respondent has threatened Petitioner that she will never return the Child to Spain and that Petitioner will never see his son again. Respondent has also filed papers in the Florida dissolution proceedings seeking to relocate with the Child to Utah. As a result of these threats, Petitioner suspects that Respondent will attempt to flee the district once she is served with process of the Verified Petition if protective orders are not entered.

<u>**COUNT I – RETURN OF THE CHILD UNDER THE HAGUE CONVENTION AND ICARA**</u>

28. Petitioner re-alleges the allegations contained in paragraphs 1–27 as if fully set forth herein.

29. Pursuant to the Convention, when a child has been wrongfully retained, the court in the Contracting State in which the petition is filed "**shall** order the return of the child forthwith" to the child's state of habitual residence, subject to limited exceptions. *See* Convention, art. 1, 3, 4, 12–13, and 20 (Emphasis added).

30. In this case, Respondent's retention of D.S.S. in the United States is wrongful and in violation of the Convention and ICARA because (i) prior to the wrongful retention, D.S.S. was a habitual resident of the Spain; (ii) the retention of D.S.S. in the United States of America is in breach of Petitioner's rights of custody to D.S.S. under Spanish law; (iii) Petitioner was exercising his rights of custody to D.S.S. at the time of the wrongful retention; and (iv) D.S.S. is under 16 years of age. *See* Convention, arts. 3, 4.

31. Here, D.S.S. was living in Spain, resided in Spain for most of his life, and only lived in the United States temporarily.

32. Petitioner has custody rights to D.S.S. under Spanish law and pursuant to the Convention. *See* **Exhibits "A" and "E."**

33. Petitioner was exercising his custody rights at the time D.S.S. was wrongfully retained in the United States of America. No Spanish court order exists to terminate Petitioner's rights of custody or to authorize Respondent's retention of the Child in the United States of America.

## PROVISIONAL REMEDIES

34. Pursuant to the Convention, "[i]n furtherance of the objectives of . . . the Convention . . . [the Court] may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604.

35. In light of Respondent's conduct of unilaterally retaining the Child in the United States and cutting off Petitioner's contact with the Child, Petitioner requests that the Court direct the U.S. Marshal Service or other law enforcement officials to and serve this Petition and all other documents filed in this case on the Respondent.

36. Petitioner further requests entry of an order (a) prohibiting the removal of the Child from the territorial jurisdiction of this Court, (b) requiring the Respondent to surrender to the Court each and every one of her and the Child's passports, visas, and other travel documents and (c) directing the Respondent to appear before this Court as soon as practicable for an evidentiary hearing on the Petition.

## DECLARATION PURSUANT TO THE UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT

37. Pursuant to ICARA § 11604, in a proceeding for the return of a child, "[n]o court exercising jurisdiction . . . may . . . order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C. § 11604.

38. In Florida, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Chapter 61, Part II of the Florida Statutes, governs the resolution of both domestic and international child custody disputes. Section 61.534 authorizes a court, upon finding that the child is "likely to imminently suffer serious physical harm or removal from this state," to issue a warrant to take physical custody of the child. § 61.534(2), Fla. Stat. Sub-section (6) provides that the court "may impose conditions upon placement of a child to ensure the appearance of the child and the child's custodian." Because the Child is "likely to imminently suffer . . . removal from this state," as set forth above, the state law requirement is satisfied.

39. The information specified in section 61.522, Florida Statutes, is provided below in an abundance of caution, in the event that this Court interprets these provisions to be applicable requirements of State law required to be satisfied by 42 U.S.C. § 11604(b):

   a. The Child is presently located, upon information and belief, in Destin, Florida with the Respondent, without the Petitioner's consent.

  b. From 2008 to the date he was wrongfully retained, his permanent addresses were exclusively within Spain, and he lived exclusively with the family in Spain.

  c. Petitioner does not know of any person or institution not a party to the proceedings who has physical custody of the Child or who claims to have rights of parental responsibility or legal custody or physical custody of, or visitation or parenting time with, the Child.

40. This Court therefore has the authority to direct the United States Marshal Service to serve this Petition and to bring the Respondent before this Court immediately, so that the provisions of 42 U.S.C. §11604 can be met.

41. At the Court's direction, undersigned counsel will assist the Court by liaising with the Court, the United States Central Authority, and the appropriate child protection agency in the event that a temporary placement for the Child is necessary.

42. In addition, pending the final evidentiary hearing in this Court, it is requested that this Court issue an immediate order prohibiting the removal of the Child from the jurisdiction of this Court, taking into safe-keeping all of the Respondent's and Child's travel documents, and setting an expedited hearing on this Petition.

43. Pursuant to 42 U.S.C. § 11603(c), Respondent will be given notice of any *non-ex parte* hearing consistent with §§ 61.518 and 61.532, Florida Statutes.

## ATTORNEYS' FEES AND COSTS INCLUDING TRANSPORTATION EXPENSES PURSUANT TO CONVENTION ARTICLE 26 AND ICARA 11607

44. Petitioner has incurred expenses as a result of the wrongful retention of the minor child by the Respondent. Petitioner will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful retention.

45. Petitioner Father respectfully requests that this Court award all legal costs and fees incurred to date as required by ICARA § 11607, reserving jurisdiction over further expenses.

WHEREFORE, Petitioner respectfully requests that the Court enter an order to the following effect:

    a. Serve Respondent with notice of these proceedings;

    b. Issue an order requiring Respondent to show cause as to why the Child should not be returned to Spain forthwith;

    c. Set an early final hearing on Petitioner's Petition for Return;

    d. Following the final evidentiary hearing, ordering that the Child be returned forthwith to Spain in the company of a temporary guardian to be determined by the Court;

    e. Directing Respondent to pay Petitioner's necessary expenses, including legal cost and fees; and

    f. Directing such other and further relief as justice and its cause may require.

**Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746(1)**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15 day of May 2015.

*[signature]*

STEPHAN SCHURMANN

Respectfully submitted,

*/s/ Daniel E. Nordby*

**Daniel E. Nordby, Esq.**
Florida Bar No. 14588
*dnordby@shutts.com*
**Maxine M. Long, Esq.**
Florida Bar No. 286842
*mlong@shutts.com*
**Rachel H. LeBlanc, Esq.**
Florida Bar No. 0021815
*rleblanc@shutts.com*
**Lauren K. Fernandez, Esq.**
Florida Bar No. 58570
*lfernandez@shutts.com*
**SHUTTS & BOWEN LLP**
*Attorneys for Petitioner*
215 S Monroe St Ste 804
Tallahassee, FL 32301-1858
Telephone: (850)521-0600

MIADOCS 10915487 2