UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Case No. _____

STEPHAN SCHURMANN,

    Petitioner,

v.

JUBILIE ANQUI,

    Respondent.

_____/

**EMERGENCY MOTION FOR *EX PARTE* TEMPORARY
RESTRAINING ORDER AND MOTION TO SEAL THE FILE IN THIS CAUSE**

Petitioner, STEPHEN SCHURMANN (the "Petitioner"), by and through undersigned counsel, hereby moves that this Court issue (i) an order directing the United States Marshals to serve the Respondent, JUBILIE ANQUI (the "Respondent") with the Verified Petition and other filings in this case, and (ii) an order sealing all filings in this case until such actions are completed, and in support hereof states:

    1.    Petitioner has filed a Verified Petition for the Return of Children Pursuant to International Treaty and Federal Statute requesting the return of his child, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (the "Convention"), and 42 U.S.C §11601, *et seq.*, the International Child Abduction Remedies Act ("ICARA").

    2.    Petitioner's Verified Petition is to enforce International Treaty and federal law. This is not a child custody case. Rather, Respondent has kidnapped the child.

    3.    Petitioner and Respondent were married on March 18, 2007 in Costa Rica. In 2008, D.S.S. was born in Marbella, Spain. Petitioner is a German citizen, and is a legal resident

of Spain. Respondent is a citizen of the Philippines, and is a legal resident of Spain. D.S.S. has German citizenship, based on the citizenship of his father. Petitioner and Respondent are the biological parents of D.S.S. (hereinafter "the Child[1]") and they lived together as a family unit before and after their move to the United States. The Child is currently 6 years old. Verified Pet. at ¶ 9; *see also* Ex. B to Verified Pet.

4. From his birth, the habitual place of residence of D.S.S. has been Spain. In 2010, the family came to the United States on a Temporary E-2 Investor Visa. The family continued to maintain the Child's habitual place of residence in Spain, knowing that the move to the United States would be a temporary one. Verified Pet. at ¶ 10; *see also* Ex. C to Verified Pet.

5. Petitioner, Respondent and the Child agreed in August 2014 to move back to Spain, as their visa had expired. While Petitioner was on a business trip in Pennsylvania attempting to move his business back to Spain, Respondent absconded with the Child and moved in with her boyfriend. She kept the location of the Child a secret from the Petitioner for four months. Verified Pet. at ¶ 11.

6. In December 2014, when Petitioner returned to Florida, Respondent announced that she would not return to Spain and that she intended Petitioner never see his son again. She moved briefly with her boyfriend and the Child to an unknown location in Alabama to prevent Petitioner from seeing the Child. Petitioner was served with divorce papers on December 19, 2014, and then had to return to Spain without his son. Verified Pet. at ¶ 12. 13.   He   cannot return to the United States for 10 years as he had overstayed his visa. Respondent is physically present in Okaloosa County, Florida, at 320 Vinings Way Boulevard, Apt. 10-202, Destin Florida 32541. Verified Pet. at ¶¶ 13-14.

---

[1] Pursuant to Rule 5.2(a), the minor's initials are used in lieu of his full name, his name has been redacted from all exhibits, his birthday is referred herein only by the year of his birth, and his birthday has been redacted from all exhibits.

2

7. On April 13, 2015, Petitioner sought assistance from the Ministry of Justice (the "Ministry") in Madrid, Spain. Verified Pet. at ¶ 20; *see also* Ex. D to Verified Pet.

8. Respondent has threatened Petitioner that she will never return the Child to Spain and that Petitioner will never see his son again. Respondent has also filed papers in the Florida dissolution proceedings seeking to relocate with the Child to Utah. As a result of these threats, Petitioner suspects that Respondent will attempt to flee the district once she is served with process of the Verified Petition if protective orders are not entered. Verified Pet. at ¶ 27.

9. Due to Respondent's previous actions of wrongfully retaining the Child in the U.S.A., in violation of the laws of Spain, the Convention, and ICARA, Petitioner will suffer irreparable harm if the Child are not immediately returned.

10. Consequently, Petitioner, pursuant to Fed. R. Civ. P. 65, moves for an order directing the Respondent to keep the Child in this jurisdiction, mandating that the Respondent attend all court hearings with the Child, prohibiting the Respondent, or anyone working in concert with her, from removing the Child from this jurisdiction until the conclusion of this litigation, and ordering the Respondent to tender the Child's passports to the Court for the duration of this proceeding.

11. The issuance of an interim order without written or oral notice to the Respondent ordering the Respondent to keep the Child in this jurisdiction, mandating that the Respondent attend all court hearings with the Child as required by the Court, and prohibiting the Respondent from removing the Child from this jurisdiction until the conclusion of this litigation, is warranted in these circumstances in that:

    a. The allegations of specific facts set forth in the Verified Petition demonstrate that there is a strong likelihood that Petitioner will prevail on the merits of his claim;

      b.        Petitioner will suffer irreparable harm if such an interim order is not issued as Respondent, upon information and belief, may attempt to flee and conceal the Child's whereabouts from Petitioner and the Court;

      c.        The injury that would be imposed on Petitioner if such an interim order is not granted is such that an interim order outweighs any harm such interim order may cause Respondent in that Petitioner only requests that the status quo be maintained; *i.e.* that Respondent and the Child remain in this jurisdiction until the conclusion of this litigation; and

      d.        The issuance of such an interim order is not adverse to public interest, but rather promotes the public interest as set forth in the Convention and codified by ICARA.

12.      Pursuant to Fed. R. Civ. P. 65(c), the Petitioner is prepared to give security in such sum as this Court deems proper for the payment of such costs and damages as may be incurred or suffered by the Respondent if she is found to have been wrongfully restrained. However, it is Petitioner's position that no such security is required in this case because no harm will be incurred or suffered by the Respondent even if she is found to have been wrongfully restrained because Petitioner, in this Motion, is requesting only that the status quo be maintained.

13.      Petitioner expressly requests that this Court direct the United States Marshals Service to serve Respondent with the Verified Petition, Memorandum of Law in Support of the Verified Petition, this Motion, the Order on this Motion, and any other documents that Petitioner has filed with the Court.

14.      In light of the flight risk that Respondent may pose should she learn of this proceeding, Petitioner further respectfully requests that the Court enter an order sealing the file in this cause <u>only until Respondent has been served and the Child's passport has been tendered to the U.S. Marshals Service to be turned over to this Court</u>. This request is consistent with both national and Florida law. *See* 42 U.S.C. § 11604, Fla. Stat. § 61.534. (2009). *See Antonio v. Bello*, No. Civ.A.1:04-CV-1555-T, 2004 WL 1895125, at *1 (N.D. Ga. June 2, 2004) (granting

petitioner's motion for Ex Parte TRO and Emergency Equitable Relief when respondent wrongfully removed the petitioner's daughter without consent from her home in Mexico and smuggled the child into the United States of America).

15.   Finally, Petitioner moves this Court for an Order requiring Respondent to appear with the Child for an immediate show cause hearing pursuant to 42 U.S.C. § 11604(a).

WHEREFORE, Petitioner, STEPHAN SCHURMANN, respectfully requests that this Court issue (1) an ex-parte temporary restraining order prohibiting Respondent, or anyone acting in concert with her, from removing the Child from this jurisdiction for the duration of these proceedings, requiring Respondent to appear with the Child for an immediate show cause hearing pursuant to 42 U.S.C. § 11604(a), and ordering that the Respondent tender possession of the Child's passport to the Court for the duration of this proceeding; (2) an order directing service of the Verified Petition, Memorandum of Law in Support of the Verified Petition, this Motion, the Order on this Motion, and any other court documents filed by the Petitioner on the Respondent by the United States Marshals Service; (3) an order sealing all filings in this case until such actions are completed; and (4) granting such other and further relief as this Court deems just and proper.

## CERTIFICATION PURSUANT TO RULE 65, FED. R. CIV. P.

The undersigned, pursuant to Rule 65, Fed. R. Civ. P., hereby certifies that no efforts to give notice to the Respondent have been made and that no efforts to give such notice should be required because (a) the allegations of specific facts set forth in the Verified Petition demonstrate that there is a strong likelihood that Petitioner will prevail on the merits of his claim; (b) Petitioner will suffer irreparable harm if such an interim order is not issued as Respondent, upon information and belief and based on her previous actions, is likely to flee and conceal the

Child's whereabouts from Petitioner and the Court; (c) the injury that would be imposed on Petitioner if such an interim order is not granted is such that an interim order outweighs any harm such interim order may cause Respondent in that Petitioner only requests that the status quo be maintained, *i.e.* that Respondent and the Child remain in this jurisdiction until the conclusion of this litigation; and (d) the issuance of such an interim order is not adverse to public interest, but rather promotes the public interest as set forth in the Convention and codified ICARA.

DATED: May 18, 2015.

Respectfully submitted,

*/s/ Daniel E. Nordby*
**Daniel E. Nordby, Esq.**
Florida Bar No. 14588
*dnordby@shutts.com*
**Maxine M. Long, Esq.**
Fla Bar No. 286842
*mlong@shutts.com*
**Rachel H. LeBlanc, Esq.**
Florida Bar No. 0021815
*rleblanc@shutts.com*
**Lauren K. Fernandez, Esq.**
Florida Bar No. 58570
*lfernandez@shutts.com*
**SHUTTS & BOWEN LLP**
*Attorneys for Petitioner*
215 S Monroe St Ste 804
Tallahassee, FL 32301-1858
Telephone: (850)521-0600

MIADOCS 10924566 1