UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHAN SCHURMANN,

    Petitioner,

v.                                      CASE NO. 3:15cv224-MCR/CJK

JUBILIE ANQUI,

    Respondent.
_____/

## ORDER

    Pending before the Court is the Verified Petition for the Return of Minor Child Pursuant to International Treaty and Federal Statute (doc. 1) filed by Petitioner Stephan Schurmann, a resident of Spain, alleging that his minor child is being wrongfully retained in Destin, Florida, and seeking return of the child to Spain.[1] Petitioner requests the Court to direct the United States Marshal to serve Respondent with notice of the cause of action and issue a show cause order requiring Respondent to show cause why the child should not be returned to Spain, set an early final hearing on the Verified Petition, and, following the hearing, order the child's return and direct Respondent to pay Petitioner's costs and legal expenses. Petitioner has also filed an Emergency Motion for Ex Parte Temporary Restraining Order (doc. 3), seeking to prohibit Respondent from removing the child from this jurisdiction for the duration of these proceedings, requiring Respondent to appear with the child for an immediate hearing, and ordering the Respondent to surrender the child's passport to the Court for the duration of the proceedings.[2]

---

    [1] The Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction of federal courts under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

    [2] Petitioner also requested that the case be sealed pending service on Respondent, which the Court granted.

Case No. 3:15cv224-MCR/CJK

**Background**

      The Verified Petition alleges the following. Petitioner and Respondent were married in Costa Rica on March 18, 2007. Petitioner is a German citizen and legal resident of Spain. Respondent is a citizen of the Phillippines and legal resident of Spain. Their child, D.S.S. was born in 2008 in Marbella, Spain, and is a German citizen. It is alleged that Spain has been the child's habitual place of residence since his birth. In 2010, the family came to the United States on a Temporary E-2 Investor Visa. The parents continued to maintain the child's habitual place of residence as Spain and intended to move back to Spain after their Visa expired. The couple lived together as a family in the United States until Respondent absconded with the child in August 2014, moving in with her boyfriend while Petitioner was away on a business trip. According to Petitioner, Respondent kept the child's location a secret from Petitioner until December 2014, when she moved back to Florida. At that time, Respondent announced that she intended not to return to Spain and informed Petitioner he would never see the child again. Respondent was served with divorce papers on December 19, 2014. He returned to Spain without D.S.S. after overstaying his Visa, and Respondent remained in Destin, Florida, with D.S.S.

      Petitioner states he objected to Respondent keeping the child in the United States and did not acquiesce. He alleges that Respondent's retention of the child in the United States breaches his custody rights under the laws of Spain, and that on April 13, 2015, he sought assistance from the Ministry of Justice in Madrid, Spain, to secure D.S.S.'s return. Petitioner's Verified Complaint was filed in this Court on May 18, 2015. According to Petitioner, there is a strong likelihood that Respondent will attempt to flee the jurisdiction in the absence of protective measures to secure the child's presence in this jurisdiction because Respondent has filed papers in the Florida divorce proceedings seeking to relocate the child to Utah, and has previously concealed the child's location from him.

Page 3 of 7

**Discussion**

The Verified Petition is filed pursuant to The Convention on the Civil Aspects of International Child Abduction, October 25, 1980[3] ("Hague Convention" or "Convention") and the International Child Abduction Remedies Act ("ICARA"). *See* 22 U.S.C. § 9001, *et seq.* (formerly numbered as 42 U.S.C. § 11601, *et seq.*). The Convention came into effect in the United States of America and also in Spain on July 1, 1988.[4] The Hague Convention establishes dual goals of (a) securing the prompt return of children wrongfully removed to or retained in any Contracting State, and (b) ensuring that rights of custody and access of Contracting States are respected in other Contracting States. Convention, art. 1; *Lops v. Lops*, 140 F.3d 927, 935 (11th Cir. 1998). The Hague Convention sets a goal of six weeks from the date of filing for the determination of the merits of a wrongful removal or wrongful retention case. Convention, art. 11. The Eleventh Circuit has approved expeditious treatment of petitions filed pursuant to the Convention and ICARA. *See Lops*, 140 F.3d at 943-44. Article 3 of the Convention provides that "the removal of a child is wrongful where it violates the custody rights of another person that were actually being exercised at the time of the removal or retention or would have been exercised but for the removal or retention." *Lops*, 140 F.3d at 935. A child wrongfully removed must be returned "forthwith" unless the Respondent establishes one of the Convention's affirmative defenses. *See Baran v. Beaty*, 526 F.3d 1340, 1344 (11th Cir. 2008). "A court considering an ICARA petition has jurisdiction to decide the merits only of the wrongful removal claim, not of any underlying custody dispute." *Lops*, 140 F.3d at 936.

On consideration of the Verified Petition, the Court finds that an Order to Show Cause should issue, directing the United States Marshal to serve Respondent and directing Respondent to appear with the child and show cause why the petition should not be granted and the child returned to Spain. Respondent has fourteen days from the date of

---

[3] T.I.A.S. No. 11,670 at 1, 19 I.L.M. 1501 (1986).

[4] See Hague Abduction Convention Country List. Text available at: http://travel.state.gov/abduction/resources/congressreport/congressreport_1487.html

Case No. 3:15cv224-MCR/CJK

service of this Order to file an Answer, and a hearing on the Verified Petition will be held on Tuesday, June 9, 2015.

Additionally, Petitioner requests a Temporary Restraining Order as a protective measure. The Court is empowered by the Hague Convention and ICARA to take appropriate "provisional measures" "to prevent prejudice to interested parties," Convention, art. 7(b), and to prevent the child's further removal or concealment before the final disposition of the petition," 22 U.S.C. § 9004 (formerly cited as 42 U.S.C. § 11604). It has been noted that federal courts across the country have used this authority for "provisional measures" such as ordering a parent not to remove the child from the jurisdiction and ordering the surrender of the passports of the respondent and child during the pendency of the proceedings. *See Alcala v. Hernandez*, No. 4:14–CV–4176–RBH, 2014 WL 5506739 (D.S.C. Oct. 30, 2014) (citing cases, including *Porter v. Gonzalez*, No. 09–0753, 2009 WL 1809851 (M.D. Fla. June 24, 2009); *Jenkins v. Jenkins*, No. 08–0037, 2008 WL 483312 (S.D. Ohio Feb. 19, 2008), *aff'd* 569 F.3d 549 (6th Cir. 2009)); *see also Mendoza v. Silva*, 987 F. Supp. 2d 883, 888 (N.D. Iowa 2013) (noting a temporary restraining order had been issued to prohibit removal of children from the jurisdiction pending final disposition and to surrender the children's passports).

The Federal Rules of Civil Procedure provide that an *ex parte* temporary restraining order (TRO) may issue only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). The Eleventh Circuit has articulated the following elements that must be demonstrated in order to obtain a TRO:

(1)  a substantial likelihood of success on the merits;
(2)  irreparable harm to the moving party if the TRO is not issued;
(3)  the threatened injury must outweigh the harm that the TRO would cause to the nonmoving party; and
(4)  the TRO must not be adverse to the public interest.

Case No. 3:15cv224-MCR/CJK

*See Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Ingrim v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995).

On review of the Verified Petition and the certification of Petitioner's counsel, the Court finds that a Temporary Restraining Order should issue as a protective measure to ensure that the child is not removed from the jurisdiction. First, the Verified Petition presents a *prima facie* case of child abduction under the Hague Convention and shows a substantial likelihood of success on the merits. The Convention provides that retention of a child in a country that is not the child's habitual residence is "wrongful where it violates the custody rights of another person that were actually being exercised at the time of the removal or retention or would have been exercised but for the removal or retention." *Lops*, 140 F.3d at 935. The allegations of the Verified Complaint show that Petitioner has custody rights of the child, that the child's habitual residence is Spain, that Petitioner was exercising his custody rights until the wrongful retention, and that Petitioner's custody rights have been breached by Respondent's continued retention of the child in Florida without Petitioner's consent.

Second, the Verified Complaint shows that Petitioner may suffer irreparable harm if the TRO is not entered. There is alleged a strong likelihood that Respondent might flee the jurisdiction because she has requested court permission in the dissolution proceedings to take the child to Utah, and Respondent has previously absconded with the child without informing Petitioner of the child's location for four months. It is also alleged that Respondent told Petitioner he would never see his son again.

Third, the Court finds that the threatened harm to Petitioner if the TRO is not issued and Respondent flees the jurisdiction with the child outweighs any risk of injury to Respondent. Ordering the protective measures requested would simply maintain the status quo, causing little if any injury to the Respondent, who resides in Florida and is alleged to have begun dissolution proceedings in Florida. Finally, the TRO would not be adverse to the public interest but instead would promote the policies of the Hague Convention and ICARA, which authorize the Court to enter protective measures.

Counsel for Petitioner has certified that no efforts have been made to give notice

to Respondent because of the allegations supporting a strong likelihood that, if the interim TRO is not issued, she might flee the jurisdiction when served with the Petition and conceal the child's whereabouts.

Accordingly, on consideration of the Verified Petition, the Convention, and ICARA, it is ORDERED:

1. The United States Marshal is directed to serve Respondent Jubilie Anqui at the address of 320 Vinings Way Boulevard, Apt. 10-202, Destin, Florida, 32541, with a copy of the Verified Petition (doc. 1) and this Order.

2. Within fourteen (14) days of service of this Order, Respondent shall file with this Court and serve on counsel for Petitioner a written response to the Verified Petition.

3. The parties shall appear before this Court on **Tuesday, June 9, 2015**, **at 8:30 a.m. Central Time** at the United States District Court for the Northern District of Florida, Pensacola Division, Arnow Building, 100 North Palafox Street, Pensacola, Florida, for an evidentiary hearing on the merits of the Verified Petition, at which time Respondent shall show cause why the Verified Petition should not be granted. The Respondent may appear with or without counsel.

4. Petitioner's Emergency Request for a Temporary Restraining Order (doc. 3) is **GRANTED.**

## TEMPORARY RESTRAINING ORDER

1. Based on the findings set forth above and the demonstrated concern that Respondent might conceal the child D.S.S. if a Temporary Restraining Order is not issued, Respondent Jubilie Anqui is hereby restrained from removing the minor child, D.S.S., or causing the minor child to be removed from the jurisdiction of this Court pending the expiration of this Temporary Restraining Order in fourteen (14) days from the date of this Order or the final disposition of the above-referenced Verified Petition, if a preliminary injunction is thereafter issued extending the prohibition.

2. Respondent is also directed to appear with the child's passport and any other travel papers on **Thursday, May 28, at 2:00 p.m. Central Time** at the United States District Court for the Northern District of Florida, Pensacola Division, Arnow Building, 100

North Palafox Street, Pensacola, Florida, for a hearing on this Temporary Restraining Order and to show cause why a preliminary injunction should not be issued requiring her to remain in this jurisdiction during the pendency of this litigation and not remove or conceal the child and to surrender the child's passport and travel papers to the Court pending the conclusion of these proceedings.

3. The Court finds that it is not necessary for Petitioner to provide security in this instance because there is no risk of monetary damages resulting from the prohibition contained herein.

**DONE AND ORDERED on this 19th day of May, 2015 at 12:30 p.m.**

*M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**