## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**STEPHAN SCHURMANN,**

      **Petitioner,**

**v.**                                     **CASE NO. 3:15cv224-MCR/CJK**

**JUBILIE ANQUI,**

      **Respondent.**

_____/

### PRELIMINARY INJUNCTION ORDER

On May 18, 2015, Petitioner Stephan Schurmann filed a Verified Petition for the Return of Minor Child pursuant to The Convention on the Civil Aspects of International Child Abduction, October 25, 1980[1] ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.* ("Petition").   The following day, the Court entered a Temporary Restraining Order prohibiting Respondent Jubilie Anqui from removing her minor child, D.S.S., from the Court's jurisdiction ("TRO").[2]   Respondent was served with the TRO and the Verified Petition on May 27, 2015, and a hearing was held the next day to determine whether a preliminary injunction should be issued.   Petitioner, who is a resident of Spain, did not appear but was represented by counsel.   Unable to secure counsel for the hearing, Respondent appeared on her own behalf and represented to the Court that she does not oppose the issuance of a preliminary injunction through June 9, 2015, which is the date scheduled for a hearing on the merits of the Petition.[3]   For the reasons set forth below, the Court finds that a preliminary injunction should issue.

The Court is empowered by the Hague Convention and ICARA to take appropriate "provisional measures" to prevent a child's removal or concealment before

---

[1] T.I.A.S. No. 11,670 at 1, 19 I.L.M. 1501 (1986).

[2] The TRO expires on Tuesday, June 2, 2015, at 12:30 p.m.

[3] According to Respondent, counsel in her dissolution proceeding is seeking admission to this Court so that he can represent her in this proceeding.

the final disposition of the petition. *See* 22 U.S.C. § 9004 (formerly cited as 42 U.S.C. § 11604). Appropriate "provisional measures" may include ordering a parent not to remove the child from the jurisdiction or ordering the surrender of the passports of the respondent and child during the pendency of the proceedings. *See Alcala v. Hernandez*, No. 4:14–CV–4176–RBH, 2014 WL 5506739 (D.S.C. Oct. 30, 2014) (citing cases, including *Porter v. Gonzalez*, No. 09–0753, 2009 WL 1809851 (M.D. Fla. June 24, 2009); *Jenkins v. Jenkins*, No. 08–0037, 2008 WL 483312 (S.D. Ohio Feb. 19, 2008), *aff'd* 569 F.3d 549 (6th Cir. 2009)); *see also Mendoza v. Silva*, 987 F. Supp. 2d 883, 888 (N.D. Iowa 2013) (approving temporary restraining order to prohibit removal of children from the jurisdiction pending final disposition and to surrender the childrens' passports). A preliminary injunction order must include the Court's reasons for issuing the injunction, state its terms specifically, and describe in reasonable detail the acts restrained. *See* Fed. R. Civ. P. 65(d).

The following elements must be demonstrated to obtain either a TRO or preliminary injunction:

(1) Petitioner's substantial likelihood of success on the merits;

(2) That the TRO or preliminary injunction is necessary to prevent irreparable injury;

(3) That the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and

(4) That the TRO or preliminary injunction would not be adverse to the public interest.

*See Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). These elements are satisfied here. First, retention of a child in a country that is not the child's habitual residence is "wrongful where it violates the custody rights of another person that were actually being exercised at the time of the removal or retention or would have been exercised but for the removal or retention." *Lops v. Lops*, 140 F.3d 927, 935 (11th Cir. 1998) (citing Hague Convention, art. 3). The allegations of the Petition, which Respondent does not contest for purposes of preliminary injunctive relief, show that the child's habitual residence is Spain, that Petitioner was exercising his custody rights until the time of the wrongful retention, and that Respondent's

continued retention of the child in Florida without Petitioner's consent is in breach of his custody rights.   Second, Petitioner may suffer irreparable harm if the preliminary injunction is not entered.   The Petition alleges that Respondent might flee the jurisdiction because she has requested permission in the dissolution proceedings to take the child to Utah, she previously absconded with the child without informing Petitioner of the child's location for four months, and she told Petitioner he would never see his child again.   Third, a preliminary injunction would simply maintain the status quo, which would cause little if any injury to Respondent, who resides in Florida and has begun dissolution proceedings in Florida.   On the other hand, if the preliminary injunction is not issued, Petitioner faces a threat of harm in the event Respondent flees the jurisdiction with the child.  Finally, the preliminary injunction would not be adverse to the public interest but instead would promote the policies of the Hague Convention and ICARA.  Because the requirements for entry of a preliminary injunction are met, and given that Respondent does not oppose it, the Court finds that the preliminary injunction should be entered.[4]

Accordingly, the Court hereby Orders:

1.     Respondent Jubilie Anqui is prohibited from removing the minor child, D.S.S., from the jurisdiction of this Court until the Court addresses the merits of the Petition on June 9, 2015.

2.     Respondent shall have until close of business on Friday, June 5th, to file a written response to the Petition.

3.     The Court will retain custody of D.S.S.'s passport, which Respondent has surrendered, during the pendency of this litigation.

4.     Petitioner's counsel is directed to make the appropriate arrangements with Court staff to ensure Petitioner's appearance at the June 9th hearing by videoconference.

5.     The Clerk is directed to **UNSEAL** the file.

---

[4] Although the Petition requested that both Respondent's and her child's passport be surrendered, Petitioner was satisfied with only D.S.S.'s passport being surrendered at the May 28th hearing.

**DONE AND ORDERED** on this 30th day of May, 2015.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**